IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE WATSON, #0135714, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01280-JPG |
| | ) |
| RANDOLPH COUNTY SHERIFF'S | ) |
| DEPARTMENT, | ) |
| SHANNON WOLFF, | ) |
| JARROD PETERS, | ) |
| AND AUSTIN PECK, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Pierre Watson, a former inmate at Randolph County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.[1] (Doc. 1). Plaintiff complains about miscellaneous violations of his constitutional rights that occurred during his federal holdover at the Jail from December 2019 through November 2020. (*Id*. at 1-58). He seeks money damages. (*Id*. at 27-28).

This case is now before the Court for review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally

---

[1] The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Plaintiff does not name the United States in connection with any state torts committed by federal employees while they were acting within the scope of their employment. Therefore, the FTCA provides no avenue to relief. The Court instead construes the Complaint as being brought pursuant to 42 U.S.C. § 1983.

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his 58-page Complaint, Plaintiff provides a chronological list of grievances and/or complaints that arose over the course of a year at the Jail. (Doc. 1, pp. 1-58). He provides an analysis of municipal and supervisory liability. (*Id*.). Plaintiff also includes a copy of miscellaneous grievances and pleadings filed in several other lawsuits. (*Id*.).

Among other things, Plaintiff complains of the following issues he encountered at the Jail: the denial of his request for a transfer on January 13, 2020 (*id*. at ¶ 2); the denial of a toothbrush, writing instruments, paper, and envelopes on January 24, 2020 (*id*. at ¶ 5); a month-long denial of t-shirts, undergarments, and socks (*id*. at ¶ 6); the denial of photocopies and law library access on an unspecified date (*id*.); the denial of medical care for unspecified medical issues, interference with attorney-client phone calls, and interference with his legal mail on February 10 and March 11, 2020 (*id*. at ¶¶ 7, 9); a Jail nurse's denial of his request for "meds" and his request to have a cyst lanced on March 30, 2020 (*id*. at ¶ 11); the staff's agreement to replace meat on his food tray with peanut butter on April 8, 2020 (*id*. at ¶ 12); the staff's agreement to instead provide Plaintiff with regular diet trays at his request on April 16, 2020 (*id*. at ¶ 13); Juenger's interrogation of Inmate Green about Plaintiff's use of porn and/or Facebook on July 16, 2020 (*id*. at ¶ 17); Juenger's and Peters' monitoring of Plaintiff for Facebook usage during a videoconference scheduled with his attorney on August 4, 2020 (*id*. at ¶¶ 18-19); Plaintiff's placement in administrative segregation on August 5, 2020 (*id*. at ¶ 21); Plaintiff's placement on the same cell block with an inmate who

developed COVID-19 on August 12, 2020 (*id*. at ¶ 22); Peters' denial of Plaintiff's request for an inhaler and exercise on August 15-16, 2020 (*id*. at ¶ 23); Plaintiff's letter to his attorney complaining of the Jail's refusal to quarantine inmates for 14 days pursuant to Federal Bureau of Prison's COVID-19 protocol, denial of his special diet request, and denial of medical treatment for a cyst on August 15, 2020 (*id*. at ¶ 25); Peters' and the Jail nurse's disregard of Plaintiff's request for medical treatment of an unspecified condition on August 24, 2020 (*id*. at ¶ 26); Plaintiff's conversation with Juenger about unspecified medical concerns on August 29, 2020 (*id*. at ¶ 27); Peck's refusal to make photocopies of legal materials for Plaintiff on September 1, 2020 (*id*. at ¶ 28); Peck's placement of Plaintiff in lockdown in retaliation for a grievance Plaintiff filed to report Peck's tampering with his legal mail and phone calls (*id*. at ¶ 29); Peters' claim that COVID-19 was not present at the Jail on September 7, 2020 (*id*. at ¶ 31); Plaintiff's challenge to an order dismissing his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and related Rule 59 motion (*id*. at ¶ 33); retaliatory phone restrictions imposed against Plaintiff for two weeks beginning on September 21, 2020 (*id*. at ¶ 34); Peters' denial of a grievance about Plaintiff's inhaler on October 14, 2020 (*id*. at ¶ 35); the denial of Plaintiff's request for a transfer on October 15, 2020 (*id*. at ¶ 36); deactivation of Plaintiff's inmate number and his resulting inability to use the phone or law library on November 12, 2020 (*id*. at ¶ 37); and Peck's interference with Plaintiff's attorney-client phone call on an unspecified date (*id*. at ¶ 38).

## Discussion

The Complaint does not survive screening under 28 U.S.C. § 1915A because it violates Federal Rule of Civil Procedure 8.  Rule 8(a) requires a complaint to set forth "a short and plain statement of Plaintiff's claim(s) showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a). This rule calls for simple, concise, and focused allegations—stating what each defendant did, or

failed to do, in violation of Plaintiff's rights. It does not require an exhaustive list of events occurring over the course of a year. FED. R. CIV. P. 8(d)(1). The allegations must instead "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In a Section 1983 suit, this requires a plaintiff to state what each individual federal official did, or failed to do, to violate Plaintiff's constitutional or other federally protected rights.

Plaintiff's Complaint is not simple, clear, or concise. It lacks focus. The Complaint often fails to mention particular defendants in connection with specific complaints and grievances. It contains a supporting legal brief, which is not required or necessary at this stage. The Court is left to guess what claims Plaintiff intended to bring and against whom. Plaintiff, not the Court, must decide which claims he will bring against each defendant.

The Complaint also violates the rules of joinder under Federal Rules of Civil Procedure 18 through 21. Plaintiff produces copies and descriptions of grievances he filed at the Jail for an entire year. Many arise from discrete transactions or occurrences, share no common questions of fact, focus on different legal theories, and involve different defendants (or no defendants at all). Unrelated claims cannot proceed together in one lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff must instead bring related claims against a single group of defendants, and he must choose which claims belong in this action.

The Complaint shall be dismissed without prejudice. Plaintiff will have an opportunity to file an Amended Complaint if he wishes to pursue any of his claim in this action. If he chooses to do so, Plaintiff must comply with the instructions and deadline set forth in the below disposition.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8. Plaintiff is **GRANTED** leave to file an "Amended Complaint" on or before **June 14, 2021,** if he wishes to pursue any claims in this case. Should Plaintiff fail to file an Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "Amended Complaint" and use the case number for this action (No. 20-cv-01280-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED:  5/17/2021**

s/J. Phil Gilbert
**J PHIL GILBERT**
**United States District Judge**
