# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE WATSON, #0135714, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20-cv-01280-JPG ) |
| RANDOLPH COUNTY SHERIFF'S DEPARTMENT, SHANNON WOLFF, JARROD PETERS, and AUSTIN PECK, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On December 1, 2020, Pierre Watson filed this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act for miscellaneous violations of his constitutional rights that occurred during his federal holdover at Randolph County Jail from December 2019 through November 2020. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice for violations of Federal Rule of Civil Procedure 8 on May 17, 2021. (Doc. 25). Plaintiff was granted leave to file an Amended Complaint on or before June 14, 2021. (*Id.*). He was warned that failure to do so by this deadline would result in dismissal of the action with prejudice. (*Id.*) (citing FED. R. CIV. P. 41(b)).

Plaintiff missed the deadline for filing an Amended Complaint. At least a week has passed since the deadline expired, and he has not requested an extension. The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 25) to file an Amended Complaint and/or to prosecute his claims. FED. R. CIV. P. 41(b).

1

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 25) to file an Amended Complaint and/or prosecute his claims. *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/22/2021**              s/J. Phil Gilbert
                                  **J. PHIL GILBERT**
                                  **United States District Judge**